No. 2022-1392

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**SOLAR ENERGY INDUSTRIES ASSOCIATION, NEXTERA ENERGY, INC., INVENERGY RENEWABLES LLC, EDF RENEWABLES, INC.,**
*Plaintiffs-Appellees*

v.

**UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, TROY MILLER, Acting Commissioner for U.S. Customs and Border Protection,**
*Defendants-Appellants*

Appeal from the United States Court of International Trade in
No. 1:20-cv-03941-GSK, Judge Gary S. Katzmann

## REPLY IN SUPPORT OF PLAINTIFFS-APPELLEES' PETITION FOR REHEARING EN BANC

John Brew
  jbrew@crowell.com
Amanda Shafer Berman
  aberman@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004-2595
(202) 688-3451

Christine M. Streatfeild
  Christine.streatfeild@bakermckenzie.com
BAKER & MCKENZIE LLP
815 Connecticut Ave, NW
Washington, DC 20006
(202) 835-6111

Matthew R. Nicely
  mnicely@akingump.com
James E. Tysse
  jtysse@akingump.com
Daniel M. Witkowski
  dwitkowski@akingump.com
Devin S. Sikes
  dsikes@akingump.com
AKIN GUMP STRAUSS HAUER &
  FELD LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4000

February 23, 2024

FORM 9. Certificate of Interest | Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 22-1392

**Short Case Caption** Solar Energy Industries Association v. US

**Filing Party/Entity** Solar Energy Industries Association; NextEra Energy, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/23/2024

Signature: /s/ Matthew R. Nicely

Name: Matthew R. Nicely

FORM 9. Certificate of Interest　　　　　　　　　　　　　　　　　　　　　　Form 9 (p. 2)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Solar Energy Industries Association | | |
| NextEra Energy, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐　Additional pages attached

FORM 9. Certificate of Interest                                          Form 9 (p. 3)
                                                                         March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable  ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)  ☐ No  ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable  ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

FORM 9. Certificate of Interest | Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**CERTIFICATE OF INTEREST**

**Case Number** 22-1392

**Short Case Caption** Solar Energy Industries Association v. US

**Filing Party/Entity** Invenergy Renewables LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/23/2024

Signature: /s/ Amanda Shafer Berman

Name: Amanda Shafer Berman

FORM 9. Certificate of Interest
Form 9 (p. 2)
March 2023

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Invenergy Renewables LLC | | Invenergy Renewables Holdings LLC, Invenergy IRH Holdings LLC, IIC Renewables Holdings LLC, and Invenergy Investment Company LLC |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

FORM 9. Certificate of Interest                                    Form 9 (p. 3)
                                                                   March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable     ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable     ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

FORM 9. Certificate of Interest   Form 9 (p. 1)
   March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 22-1392

**Short Case Caption** Solar Energy Industries Association v. US

**Filing Party/Entity** EDF Renewables, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/23/2024

Signature: /s/ Christine M. Streatfeild

Name: Christine M. Streatfeild

FORM 9. Certificate of Interest Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| EDF Renewables, Inc. | | EDF S.A. is the parent company and has a greater than 10% ownership interest. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

FORM 9. Certificate of Interest                                                Form 9 (p. 3)
                                                                               March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable     ☐ Additional pages attached

| Kevin M. O'Brien (Baker & McKenzie LLP) | | |
|---|---|---|
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)    ☐ No    ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable     ☐ Additional pages attached

| | | |
|---|---|---|
| | | |

This petition for rehearing *en banc* raises a fundamental question: do the courts decide the scope and meaning of statutory provisions delegating constitutional authority? Or, as *Maple Leaf* dictates, does the President himself get to decide, so long as his statutory interpretation is not "clearly" wrong? The government's response fails to rebut any of the three essential reasons for deciding this critical issue *en banc*.

*First*, the government does not dispute—and thus concedes—that the deferential "*Maple Leaf* standard is deeply out of step with" the law applied by the Supreme Court, sibling Circuits, and prior decisions of this Court. Pet. 10. The government fails to address many of Plaintiffs-Appellees' cases evaluating statutory meaning *de novo* in challenges to presidential actions involving foreign affairs, national security, and international trade, including *Hamdan v. Rumsfeld*, 548 U.S. 557 (2006), *Cole v. Young*, 351 U.S. 536 (1956), and *American Association of Exporters & Importers v. United States*, 751 F.2d 1239 (Fed. Cir. 1985), or the various cases from the Fifth, Sixth, Eleventh, and D.C. Circuits. And the government does not even try to distinguish others, such as *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), *Federal Energy Administration v. Algonquin SNG, Inc.*, 426 U.S. 548 (1976), or *Florsheim Shoe Co. v. United States*, 744 F.2d 787 (Fed. Cir. 1984).[1]

---

[1] The government cites *Florsheim* for the proposition that statutes granting the President authority to act on issues involving international affairs should be given a substantively "broad" construction. Resp. 11. Even accepting that characterization

1

The government's failure to distinguish *Transpacific Steel LLC v. United States*, 4 F.4th 1306 (Fed. Cir. 2021), is particularly telling. The government's discussion highlights how *Transpacific* employed traditional tools of statutory construction to determine the *correct meaning of the statute*. See Resp. 12. To the extent the Panel applied those tools here, it was indisputably only to confirm that the President's construction was not "clearly" wrong. *See id.* at 8 (Panel's analysis of "'structure and purpose' of the statute 'only solidified its conclusion' that the President did not 'clearly misconstrue'" provision (quoting Op. 15)); Op. 14, 23 (declining to evaluate "whether the government's interpretation of the statute is correct," "the relative merits of the parties' competing interpretations," or which interpretation reflected "the better view" of the statute). In other words, unlike in *Transpacific*, the Panel used the right tools to answer the wrong question.

*Second*, the government does not dispute that how much to defer to the President's statutory constructions is an important question squarely presented by this case. In fact, the government forthrightly admits that the Panel ruled for the President *only* because he offered a supposedly "permissible" interpretation of the statute, and never discerned the "correct" meaning for itself—even as an alternative

---

as true, that is a *non sequitur*. Under *Maple Leaf*, this Court must accept *any* "reasonable" presidential construction—whether narrow, broad, or somewhere in between. *See also* Amicus Br. of Cato Institute 7-9 (explaining that this canon of construction does support *Maple Leaf*'s rule of deference).

holding. *See, e.g.*, Resp. 7-8 (acknowledging that the Panel "identif[ied] its inquiry in this case as whether Proclamation 10101 involved a 'clear misconstruction of the statute'"); *id.* at 16 ("[O]nce \*\*\* the Panel concluded that the President's actions conformed to a permissible construction of the statute, the Panel correctly declined to 'interpose.'").

The government's acknowledgement that *Maple Leaf* asks only whether "the President's interpretation was reasonable," Resp. 9, "and therefore was not a misconstruction of the statute," *id.* at 13-14, echoes "step two" of the *Chevron* framework—but without even requiring the basic first step of "exhaust[ing] all the 'traditional tools' of construction" before finding a statute "genuinely ambiguous." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019). But "[i]f a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law, and must be given effect." *Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837, 842-43 n.9 (1984); *see also* Amicus Br. of Cato Institute 3-7. *Maple Leaf*, however, compelled the Panel to abdicate its duty of determining whether the meaning of the statute is "judicially ascertainable." *Timex V.I., Inc. v. United States*, 157 F.3d 879, 881 (Fed. Cir. 1998).

*Third*, contrary to government's characterizations, application of *Maple Leaf* was case dispositive. The government asserts that "[h]ad the Panel not invoked *Maple Leaf Fish*, the Panel would have still concluded that the statute authorized the

3

President's action." Resp. 17. But the government ignores that the Court of International Trade, despite applying the *Maple Leaf* standard of review, *held Proclamation 10101 unlawful*. *See* Op. 10-11. That alone casts doubt on whether the Panel would have reversed under the proper, *de novo* standard.

Beyond that, the government's contention that "overruling *Maple Leaf Fish* would not lead to a different result" (Resp. 17) is *ipse dixit*. In undertaking a "very limited" review of Proclamation 10101 under *Maple Leaf*, Op. 13-14, the Panel held only that the President's interpretation was not a "clear misconstruction" with respect to each of Plaintiffs-Appellees' statutory construction arguments. Op. 20, 23, 24, 26. Although the government now contends that the President's interpretation of the statute was also "correct," Resp. 2, the *Panel* reached no such holding. Nor could it have. *See* Pet. 14-17 (highlighting most obvious errors in President's statutory interpretations). If anything, the government's superficial responses to the weighty statutory construction issues raised by Plaintiffs-Appellees' *en banc* petition reinforces the notion that the Panel was forced to resort to deference in order to uphold the President's action.

The Court should rehear this case *en banc* to reevaluate the *Maple Leaf* standard of review.

|  | Respectfully submitted, |
|---|---|
| John Brew<br>  jbrew@crowell.com<br>Amanda Shafer Berman<br>  aberman@crowell.com<br>CROWELL & MORING LLP<br>1001 Pennsylvania Ave., NW<br>Washington, DC 20004-2595<br>(202) 688-3451<br>*Counsel to Plaintiff-Appellee Invenergy Renewables LLC* | /s/ *Matthew R. Nicely*<br>Matthew R. Nicely<br>  mnicely@akingump.com<br>James E. Tysse<br>  jtysse@akingump.com<br>Daniel M. Witkowski<br>  dwitkowski@akingump.com<br>Devin S. Sikes<br>  dsikes@akingump.com<br>AKIN GUMP STRAUSS HAUER &<br>  FELD LLP<br>2001 K Street, N.W.<br>Washington, DC 20006<br>(202) 887-4000<br>*Counsel to Plaintiffs-Appellees SEIA and NextEra Energy, Inc.* |
| Christine M. Streatfeild<br>  Christine.streatfeild@bakermckenzie.com<br>BAKER & MCKENZIE LLP<br>815 Connecticut Ave, NW<br>Washington, DC 20006<br>(202) 835-6111<br>*Counsel to Plaintiff-Appellee EDF Renewables, Inc.* | |

February 23, 2024

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C). The reply contains 939 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2).

February 23, 2024                                */s/ Matthew R. Nicely*
                                                                Matthew R. Nicely

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court of the United States Court of the Federal Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

February 23, 2024                    <u>*/s/ Matthew R. Nicely*</u>
                                                                  Matthew R. Nicely