Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006

T +1 202.887.4000
F +1 202.887.4288
akingump.com

Akin

**Matthew R. Nicely**
+1 202.887.4046/fax: +1 202.887.4288
mnicely@akingump.com

July 8, 2024

VIA ELECTRONIC FILING

Mr. Jarrett B. Perlow, Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

> Re: *Solar Energy Industries Association v. US*, No. 2022-1392: Plaintiffs-Appellees' Notice of Supplemental Authority Relevant to Petition for Rehearing *En Banc*

Dear Secretary Perlow:

Plaintiffs-Appellees herby notify the Court of *Loper Bright Enterprises v. Raimondo*, 603 U.S. __, No. 22-451 (June 28, 2024) (Attachment). In *Loper Bright*, the Supreme Court overruled *Chevron, U.S.A., Inc. v. N.R.D.C, Inc*, 467 U.S. 837 (1984), which had directed courts to defer to reasonable interpretations of ambiguous statutes by administrative agencies. Slip Op. 1-2, 35. *Loper Bright* is pertinent to this case for three main reasons.

*First*, it underscores the "solemn duty of the Judiciary" to interpret statutes and "say what the law is." Slip Op. 7-8 (cleaned up). That fundamental principle goes to the core of Plaintiffs-Appellees' petition for rehearing *en banc* seeking

reconsideration of *Maple Leaf Fish Co. v. United States*, 762 F.2d 86, 89 (Fed. Cir. 1985), which makes the Court's "sole inquiry" in trade cases whether the President's statutory interpretation is a "clear misconstruction." Panel Op. 14. The panel's view that it was "not called upon to decide whether the government's interpretation of the statute is correct," Panel Op. 14, cannot be reconciled with *Loper Bright*.

*Second*, *Loper Bright* squarely forecloses the panel's holding that, because it found "both" the government's and plaintiffs' statutory interpretations "to be reasonable," then it "*must*" rule in favor of the government. Panel Op. 23; *see id.* at 19 (doubting whether an "otherwise-reasonable reading of a statute" could ever be "a clear misconstruction"). *Loper Bright* clarified that it

> makes no sense to speak of a 'permissible' interpretation that is not the one the court, after applying all relevant interpretive tools, concludes is best. *In the business of statutory interpretation, if it is not the best, it is not permissible*.

Slip Op. 23 (emphasis added).

*Third*, although *Loper Bright* applies directly to agency decisions, its reasoning is not so limited; instead, the Judiciary's obligation to find the "best" reading of the statute applies "[i]n an agency case *as in any other*." Slip Op. 23



(emphasis added). At a bare minimum, *Loper Bright* confirms that the scope of judicial deference to Executive Branch statutory interpretation is an important question deserving of *en banc* consideration.

Respectfully submitted,

| | |
|---|---|
| John Brew<br>  jbrew@crowell.com<br>Amanda Shafer Berman<br>  aberman@crowell.com<br>CROWELL & MORING LLP<br>1001 Pennsylvania Ave., NW<br>Washington, DC 20004-2595<br>(202) 688-3451<br>*Counsel to Plaintiff-Appellee Invenergy Renewables LLC*<br><br>Christine M. Streatfeild<br>  Christine.streatfeild@bakermckenzie.com<br>BAKER & MCKENZIE LLP<br>815 Connecticut Ave, NW<br>Washington, DC 20006<br>(202) 835-6111<br>*Counsel to Plaintiff-Appellee EDF Renewables, Inc.* | /s/ *Matthew R. Nicely*<br>Matthew R. Nicely<br>  mnicely@akingump.com<br>James E. Tysse<br>  jtysse@akingump.com<br>Daniel M. Witkowski<br>  dwitkowski@akingump.com<br>Devin S. Sikes<br>  dsikes@akingump.com<br>AKIN GUMP STRAUSS HAUER &<br>  FELD LLP<br>2001 K Street, N.W.<br>Washington, DC 20006<br>(202) 887-4000<br>*Counsel to Plaintiffs-Appellees SEIA and NextEra Energy, Inc.* |

July 8, 2024

# CERTIFICATE OF COMPLIANCE

The undersigned counsel at Akin Gump Strauss Hauer & Feld LLP hereby certify that Plaintiffs-Appellees' Notice of Supplemental Authority Relevant to Petition for Rehearing En Banc, dated July 8, 2024, complies with the word-count limitation set forth in Federal Rule of Appellate Procedure 28(j). The notice contains 342 words according to the word-count function of the word-processing software used to prepare the memorandum.

Respectfully submitted,

/s/ Matthew R. Nicely
Matthew R. Nicely
Akin Gump Strauss Hauer & Feld LLP
2001 K Street N.W.
Washington, D.C. 20006
Tel: (202) 887-4046
Fax: (202) 887-4288
Email: mnicely@akingump.com

Dated: July 8, 2024

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 22-1392

**Short Case Caption** Solar Energy Industries Association v. US

**Filing Party/Entity** Solar Energy Industries Association; NextEra Energy, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/08/2024                Signature: /s/ Matthew R. Nicely

                                Name: Matthew R. Nicely

FORM 9. Certificate of Interest                                                      Form 9 (p. 2)
                                                                                     March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Solar Energy Industries Association | | |
| NextEra Energy, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 22-1392

**Short Case Caption** Solar Energy Industries Association v. US

**Filing Party/Entity** Invenergy Renewables LLC

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/08/2024    Signature: /s/ Amanda Shafer Berman

Name: Amanda Shafer Berman

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Invenergy Renewables LLC | | Invenergy Renewables Holdings LLC, Invenergy IRH Holdings LLC, IIC Renewables Holdings LLC, and Invenergy Investment Company LLC |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 22-1392

**Short Case Caption** Solar Energy Industries Association v. US

**Filing Party/Entity** EDF Renewables, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/08/2024          Signature: /s/ Christine M. Streatfeild

                          Name:      Christine M. Streatfeild

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| EDF Renewables, Inc. | | EDF S.A. is the parent company and has a greater than 10% ownership interest. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| Kevin M. O'Brien (Baker & McKenzie LLP) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)  ☐ No  ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court of the United States Court of the Federal Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

July 8, 2024                            */s/ Matthew R. Nicely*
                                        Matthew R. Nicely